# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| MARION UTER, et al., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Case No.: 1:04-279-BH-C |
| | ) |
| LINDA PEACOCK, et al., | ) |
| | ) |
| Defendant, | ) |

## ORDER

This matter is before the Court on Plaintiff/Counterclaim Defendant Marion Uter's Motion (Doc. 123) to Dismiss.[1] Defendant/Counterclaim Plaintiff Peacock, pursuant to the Court's Order (Doc. 125) of June 8, 2005, has filed an Objection (Doc. 136) to Uter's Motion to Dismiss. Upon examination of these pleadings and all relevant evidence submitted therewith, the Court finds that Plaintiff/Counterclaim Defendant Marion Uter's Motion (Doc. 123) to Dismiss is **due to be DENIED**.

**RELEVANT FACTS**

**Uter's Original Complaint**

Marion Uter originally filed his Complaint against Peacock in the Circuit Court of Baldwin County on March 10, 2004, alleging Breach of Contract and Fraud. The action was removed to this Court on April 28, 2004. Uter's claims revolve around a contract entered into between Uter and Peacock to dissolve their business relationships. (Doc. 1, Compl., ¶ 5). The Agreement was executed on July 10,

---

[1] Uter's Motion to Dismiss also moved, in the alternative, that the Court require Peacock to submit a more definite statement of the Fourth Counterclaim. The Court has already held (Doc. 125) that the Fourth Counterclaim is sufficiently particular as to satisfy the requirements of Fed.R.Civ.P. 9(b).

2003 and provided for certain obligations to be performed by both parties in order to equitably distribute the interests and assets of their various business ventures. *Id*. Peacock answered the Complaint in May 2004, denying any wrongdoing. (*See* Doc. 2, Answer).

In May 2005, this Court permitted Peacock to amend her answer and submit four counterclaims against Uter. (Doc. 88, Second Am. Answer and Countercl.). The second of these counterclaims also names Uter's sons, Colin and Paul, as defendants. *Id*. at ¶ 32. At this time, Uter only seeks to dismiss the Fourth Counterclaim.

**Peacock's Fourth Counterclaim**

Peacock's Fourth Counterclaim deals with an alleged March 20, 2002 transaction in which Marion Uter supposedly sold a 15% stock interest in what is termed in this matter as the "Floragon Companies." *Id*. at ¶ 39. In consideration for the stock in Floragon, Peacock allegedly paid Uter a sum of $100,000.[2] *Id*. at ¶ 41. Peacock now makes several assertions regarding this transaction. First, she claims that Uter grossly misrepresented the financial condition of Floragon and that she relied on these misrepresentations to her detriment. *Id*. at ¶ 40. Peacock also submits that despite demand, she never received any stock or membership certificates evidencing the 15% interest she supposedly purchased, nor has she received any return on her investment. *Id*. at ¶ 43. Finally, Peacock alleges that the interests she purchased from Uter are worthless. *Id*. at ¶ 44.

---

[2] Peacock claims she paid Uter $60,000 in the form of a cashier's check and the remaining $40,000 was credited towards what Uter owed Peacock under their 2001 Divorce Settlement Agreement. (Doc. 139, Br. Opp. Mot. Dismiss, p. 9).

**Motion to Dismiss**

*Standard of Review*

For the Court to grant a motion to dismiss, the movant must demonstrate "beyond a doubt that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief." *Foster v. Savannah Communication*, 2005 WL 1491442 (11th Cir. 2005) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-56 (1957); Fed.R.Civ.P. 12(b)(6)).

**Statute of Limitations**

Typically, a defendant must plead a statute of limitations defense as an affirmative defense. *Id.*; *See* Fed.R.Civ.P. 8(c). However, it may also be presented in a "motion to dismiss for failure to state a claim for which relief can be granted under Fed.R.Civ.P. 12(b)(6), when failure to comply with the statute of limitations is plain on the face of the complaint." *Id.* (citing *AVCO Corp. v. Precision Air Parts, Inc.*, 676 F.2d 494, 495 (11th Cir.1982)).

In the instant case, Uter asserts that Peacock's Fourth Counterclaim should be dismissed because it does not fall within Alabama's two year statute of limitation for fraud claims. (Doc. 124, Uter's Br. Supp. Mot. Dismiss, p. 2). Peacock's counterclaim, on its face, alleges March 20, 2002 as the date on which she and Uter contracted for the sale of the Floragon stock. (Second Am. Answer and Countercl., ¶ 39). However, the Counterclaim was not properly filed until over three years later, May 13, 2005. *Id*.

The Alabama Supreme Court has held, "a compulsory counterclaim is not subject to the defense of [statute of] limitations."[3] *See Exxon Corp. v. Dep't of Conservation and Natural Resources*, 859

---

[3] In suits where federal jurisdiction is based solely on diversity of citizenship, state-law governs statute of limitations questions. *See Bernard Schoninger Shopping Centers, Ltd. v. J.P.S. Elastomerics, Corp.*, 102 F.3d 1173, 1177 (11th Cir. 1997); *see also Reisman v. General Motors Corp.*, 845 F.2d 289, 291 (11th Cir. 1988)("Except in matters governed by the federal Constitution or

So.2d 1096, 1102 (Ala. 2002); *Romar Development Co. v. Gulf View Management Corp.*, 644 So.2d 462, 470-73 (Ala. 1994). In the instant case, Peacock claims that the Fourth Counterclaim is compulsory, therefore immune from Uter's statute of limitations attack. (Br. Opp. Mot. Dismiss, p. 4)

### *Compulsory Counterclaims*

Compulsory counterclaims "arise out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed.R.Civ.P. 13(a). The Eleventh Circuit has held that "a claim arises out of the same transaction or occurrence if there is a 'logical relationship' between the claims." *Constr. Aggregates, Ltd. v. Forest Commodities Corp.*, 147 F.3d 1334, 1337 n.6 (11th Cir. 1998)(citing *Republic Health Corp. v. Lifemark Hosps. of Florida, Inc.*, 755 F.2d 1453, 1455 (11th Cir. 1985)). Peacock submits that the Fourth Counterclaim alleging fraudulent behavior by Uter regarding the March 20, 2002 Floragon stock sale is so logically related to Uter's Complaint against her for breach of contract and fraud regarding the July 10, 2003 Agreement so as to satisfy this standard. (Br. Opp. Mot. Dismiss at 12). The Court disagrees. Peacock's attempt to logically relate the two claims is tenuous at best.

Peacock points to Uter's deposition in which he states that he was not paid $100,000 for the Floragon stock transaction. *Id*. When further questioned as to the purpose for the $60,000 check he received from Peacock, he stated, "it went to PCU Builders to pay bills on Ms. Peacock's house." (Dep. of Marion Uter, Vol. 3, p. 12). Peacock further notes that Uter's Complaint states that Peacock's house is the center of the accounting dispute and that no sale should be allowed until the funds can be accounted for as provided in their contract of July 10, 2003. (Br. Opp. Mot. Dismiss at 13). According to Peacock, this is the logical relationship binding the Floragon transaction of March 20, 2002 to Uter's Complaint

---

by acts of Congress, federal courts in diversity cases must apply the law of the forum state, including its statute of limitations.")

regarding the contract of July 10, 2003. *Id*. The claims brought by Uter in his complaint for Fraud and Breach of Contract are based on a separate and distinct contract and set of circumstances than is Peacock's counterclaim asserting Fraud in the Floragon stock sale a year earlier. The Court finds that Peacock's Fourth Counterclaim, therefore, does not meet the standard of being compulsory and, thus, is not entirely immune from Alabama's statute of limitations.

### *Permissive Counterclaims*

A permissive counterclaim is one that is not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim. Fed.R.Civ.P. 13(a). Though not provided the same protection from the statute of limitations as compulsory counterclaims, Alabama law states that a defendant's permissive counterclaim may be brought, despite the expiration of the statute of limitations, "where it was a legal subsisting claim at the time the right of action accrued to the plaintiff on the claim in the action." §6-8-84, Ala. Code 1975; *Romar* at 644 So.2d 473 (Ala. Code 1975, §6-8-84 applies only to permissive counterclaims). "Under this section, a counterclaim is not time-barred if it was a legally subsisting claim at the time the claimant's right of action accrued, even though it would have been untimely as judged from the date that the counterclaim was filed." *Turner v. Deutz-Allis Credit Corp.*, 544 So.2d 840, 844 (Ala. 1988).

Though untimely when filed, it is clear that Peacock's counterclaim was legally subsisting at the time Uter's right of action accrued. Uter's cause of action accrued when Peacock allegedly breached the July 10, 2003 Agreement or when he became aware of her purported fraudulent behavior. Based on Uter's own Complaint, this occurred sometime in late September or early October of 2003, when Uter became aware of Peacock's suspension of the audit on LMUI, LLC and LMM, LLC. Even if the statute of limitations began to run on Peacock's cause of action at the earliest possible date of March 20, 2002, she

still had a legally subsisting claim in the fall of 2003. Therefore, pursuant to Ala. Code 1975, §6-8-84, the Court finds that Peacock's Fourth Counterclaim is not barred by Alabama's two year statute of limitation for fraud actions. Uter's Motion (Doc. 123) to Dismiss is **due to be DENIED**.

**CONCLUSION**

Based upon the above rationale, this Court holds that Defendant/Counterclaim Plaintiff Peacock's Fourth Counterclaim is permissive rather than compulsory. Nevertheless, Alabama law permits her to bring this counterclaim beyond the designated two year statute of limitations for fraud claims. Therefore, Plaintiff/Counterclaim Defendant Uter's Motion (Doc. 123) to Dismiss is **hereby DENIED**.

**So ORDERED** this 6th day of July, 2005.

s/ W. B. Hand  
SENIOR DISTRICT JUDGE