IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARION UTER, et al.,            ) | |
|                                             ) | |
|         Plaintiff,                     ) | |
|                                             ) | |
| vs.                                       ) | Civil Case No.: 1:04-279-BH-C |
|                                             ) | |
| LINDA PEACOCK, et al.,    ) | |
|                                             ) | |
|         Defendant,                 ) | |

**ORDER**

This matter is before the Court on Defendant/Counterclaim Plaintiff Peacock's Motion (Doc. 137) to Amend Counterclaim and Brief (Doc. 138) in support thereof.

In Peacock's original counterclaim (Doc. 88), she alleges Fraud against Uter for his actions surrounding a disputed transfer of stock in the Floragon Companies that took place on March 20, 2002. Peacock now seeks to amend her Counterclaim to include three additional charges of Breach of Contract, Conversion and Conspiracy to Convert and a Declaratory Judgment as to the ownership of the disputed shares of stock. Though submitted beyond the March 4, 2005 deadline (Doc. 34) for amending pleadings, the Court finds that Defendant/Counterclaim Plaintiff Peacock's Motion to Amend Counterclaim is **due to be GRANTED**.

Pursuant to Rule 13(f), an omitted counterclaim may be set up by leave of court when justice so requires. In the instant case, the Court finds that the counterclaims Peacock seeks to add are part and parcel to the Fourth Counterclaim already alleged against Uter, therefore, properly added in this litigation.

The Court also finds that Peacock has demonstrated the requisite good cause as to why the proposed amendments were not timely filed, pursuant to Rule 16(b). The Eleventh Circuit holds that the

standard for demonstrating good cause is satisfied when the movant can show that the deadline for amending the pleadings could not "be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998)(quoting Fed.R.Civ.P. 16 (b) advisory committee's note).  Though the initial fraud claim was properly asserted within the Court's deadline for amending pleadings, Peacock did not fully become aware of the implications and totality of the circumstances surrounding the Floragon transaction until later discovery was completed.  This delay was not the result of any lack of diligence on the part of Peacock.

For the above reasons, the Court finds that Defendant/Counterclaim Plaintiff Peacock's Motion (Doc. 137) to Amend her Counterclaims to include the additional claims of Breach of Contract, Conversion and Conspiracy to Convert and seeking a Declaratory Judgment as to the ownership of the disputed shares of stock is **hereby GRANTED**.

**So ORDERED**, this 13th day of July, 2005.

                                                                     s/ W. B. Hand
                                                           SENIOR DISTRICT JUDGE