IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |  | |
|---|---|---|---|
| LINDA PEACOCK | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | Civil Action No.: 04-279-BH-C | |
| | ) | | |
| MARION UTER, et al. | ) | | |
| | ) | | |
| Defendants | ) | | |

**ORDER**

This matter is before the Court on Plaintiff's Motion (Doc. 171) to Dismiss Defendants Paul and Colin Uter without prejudice. Defendants Paul and Colin Uter filed a Response (Doc. 182) agreeing to the dismissal, but with certain suggested limitations. Plaintiff, in turn, Replied (Doc. 185) seeking no limitations on the dismissal.

Pursuant to Fed.R.Civ.P. 41(a)(2), the Court may dismiss an action at a plaintiff's instance "upon such terms and conditions as the court deems proper ... ." In the instant case, Defendants submit that the Court should impose two limitations on the dismissal of this action. First, Defendants propose, prior to refiling a future action against Paul or Colin Uter arising out of the same facts and circumstances as this lawsuit, Plaintiff Peacock must first pay they attorney's fees and costs incurred in the defense of this case thus far. Second, Defendants seek a requirement that any future action by Linda Peacock against Paul or Colin Uter arising out of the same facts and circumstances as this lawsuit be brought in the Circuit Court for Baldwin County, Alabama or in the Federal Court for the Southern District of Alabama, Southern Division.

After review of the parties' submissions regarding the propriety of Defendants' proposed

limitations, the Court finds that Plaintiff's Motion (Doc. 171) for Dismissal is **due to be GRANTED**.  The Court also finds that it is appropriate to impose the following condition on this dismissal: **If Plaintiff seeks to re-file a future action against either or both of Defendants Colin and Paul Uter, arising out of the same facts and circumstances as this lawsuit, she must first pay in full the attorney's fees and costs incurred thus far by Defendants Colin and Paul Uter in defense of this case**.

Peacock, in her Reply, contends that an imposition of this type of limitation is not warranted in this instance because her motion for dismissal has occurred at a very early stage in the litigation.  Though the Court agrees that Plaintiff's claims against Colin and Paul Uter were only recently filed, the application of the proposed limitation is still appropriate.  Plaintiff has already admitted that her reason for seeking dismissal is because of her desire to maintain the current trial setting of December 2005.  Plaintiff is only seeking dismissal of these claims as a matter of convenience.  Though only parties to this litigation for a few months, Paul and Colin Uter certainly have been inconvenienced by being included in this matter.  The Court does not look kindly on plaintiffs indiscriminately seeking to add and dismiss parties to and from litigation based upon what they deem is convenient and without regard to the implications such actions may have on the affected participants.  Therefore, the attorney's costs and fees incurred up to this point in the litigation by Colin and Paul Uter are to be taxed to Plaintiff if she wishes to re-file an action against them at a time that better suits her schedule.  Such a ruling does not affect Plaintiff's right to renew litigation and, therefore, is not legally prejudicial.  *Versa Products, Inc. v. Home Depot, USA, Inc.*, 387 F.3d 1325, 1328 (11th Cir. 2004).

As to Defendants' proposal that the Court issue a condition dictating the venue in which such a possible re-filing could occur, the Court declines to apply such a limitation.  In support of its pleading, Defendants cite *Versa Products* as a case in which a limitation of this kind has been deemed appropriate.

Though such a limitation may certainly be appropriate in some instances, the Court chooses not to apply it here. In *Versa Products*, the venue restriction was imposed to protect the defendant from having to relitigate the issue of *forum non conveniens* and promote judicial economy by preserving the *status quo ante*. 387 F.3d at 1329. In the instant case, because there has been relatively little litigation outside of Colin and Paul Uter answering Peacock's Complaint, neither of the reasons cited by the courts for imposing such a limitation are applicable.

Therefore, the Court finds that the claims against Defendants Colin Uter and Paul Uter are **due to be and hereby DISMISSED without prejudice**. However, **If Plaintiff Linda Peacock seeks to re-file a future action against either or both of Defendants Colin and Paul Uter, arising out of the same facts and circumstances as this lawsuit, she must first pay in full the attorney's fees and costs incurred thus far by Defendants Colin and Paul Uter in defense of this case**.

**So ORDERED**, this 29th day of September, 2005.

      s/ W. B. Hand  
SENIOR DISTRICT JUDGE
